G. Thomas Martin, III (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. Ste. 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, BRIAN FISHER

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| BRIAN FISHER, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

## COMPLAINT

BRIAN FISHER (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to

- 1 -

eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the State of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Eustis, Florida and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

COMPLAINT

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called from blocked telephone numbers.

13. Defendant contacted Plaintiff's parents more than once and disclosed that Plaintiff owed a debt.

14. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay his alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's parents and stating that Plaintiff owes a debt.

   b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's parents more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's parents in connection with the collection of Plaintiff's debt.

   d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant called from a blocked telephone number.

    f.  Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of Plaintiff's alleged debt will result in garnishment of her wages even though Defendant has not and does not intend to do so.

16. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

17. WHEREFORE, Plaintiff, BRIAN FISHER, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRIAN FISHER, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  October 9, 2009                    KROHN & MOSS, LTD.

By: /s/ G. Thomas Martin, III  
G. Thomas Martin, III  
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiff, BRIAN FISHER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRIAN FISHER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 9-15-09

_____
BRIAN FISHER

COMPLAINT